## Sucesión Díaz v. La Corte de Distrito de San Juan.

### Solicitud para que se expida un auto de *Certiorari*.

No. 10.—Resuelto en Junio 24, 1905.

CERTIORARI.—JURISDICCIÓN.—La circunstancia de que una Corte inferior estuviera conociendo de una moción para desestimar un recurso de apelación interpuesto para ante el Tribunal Supremo y de otra moción sobre nombramiento de un administrador, no implica una extralimitación de jurisdicción, en el sentido de hacer procedente la expedición de un auto de *certiorari*.

ID.—CONCURSO NECESARIO DE ACREEDORES.—QUIEBRA.—El auto de *certiorari*, no procede para evitar que un concurso necesario de acreedores se tramite como tal, y obtener que su sustanciación se ajuste al procedimiento de quiebra.

Los hechos están expresados en la opinión.

Abogado del promovente: *Sr. José Guzmán Benítez.*

El Juez Asociado Sr. Hernández, emitió la opinión del tribunal.

El letrado don José de Guzmán Benítez, en representación de la sucesión de María Díaz, viuda de Veve, presentó instancia jurada á este Tribunal en 21 del actual, con súplica de que se expida un auto de *certiorari* para que la Corte de Distrito de San Juan remita á esta Superioridad los autos de concurso necesario de José Avalo Sánchez y todo lo que se refiere á dicho concurso é incidente de nulidad y cumplimiento de sentencia relativo al mismo, con el fin de que sean revisados, corregidos y enmendados los errores en que actualmente viene incurriendo dicha Corte de Distrito en los procedimientos del expresado asunto, haciendo extensivo el auto de *certiorari* á los autos ejecutivos seguidos por María Díaz, viuda de Veve, contra José Avalo Sánchez, los que por acumulación formaban parte del concurso, ordenando también el Tribunal que le sean

remitidos por la Corte de Distrito de Humacao los antecedentes de ese juicio ejecutivo, en que consta la inscripción de dominio de la hacienda "Bello sitio" á favor de la viuda de Veve.

Según la relación por la sucesión peticionaria, José Avalo Sánchez fué declarado en concurso necesario de acreedores, hará como diez años, á solicitud de don Vicente Balbás Capó, siguiéndose dicho concurso ante el suprimido Juzgado de Primera Instancia de San Francisco de esta capital, y fué acumulado al mismo, á pesar de las protestas de la viuda de Veve, un juicio ejecutivo que ésta seguía ante el Juzgado de Primera Instancia de Humacao contra la hacienda "Bello sitio", radicada en Fajardo, para el cobro de un crédito hipotecario que le adeudaba José Avalo Sánchez, acumulación que dió lugar á que la referida hacienda fuera ocupada en el concurso y constituída, bajo la administración de un depositario, pariente del concursado. Esa hacienda había sido adjudicada á María Díaz, viuda de Veve, é inscrita después á su favor en el Registro de la Propiedad de Humacao, cuando el promovente del concurso don Vicente Balbás Capó presentó un escrito al tribunal de San Juan desistiendo de la prosecución del juicio universal, habiendo resuelto aquel tribunal por auto de 25 de abril de 1900 tener por apartado y desistido del concurso á Balbás Capó, con las costas á su cargo. Inútilmente había gestionado María Díaz para que se la tuviera por parte en el concurso, con el fin de recuperar la hacienda "Bello sitio"; pero un año después del desistimiento, ó sea en 15 de mayo de 1901, el Juez Presidente accidental del Tribunal de Distrito de San Juan, D. José R. Savage, á instancia de María Díaz, ordenó se le hiciera entrega de la hacienda "Bello sitio" y así fué reintegrada en la posesión de ella, devolviéndose los autos del juicio ejecutivo al Tribunal de Distrito de Humacao. Contra esa resolución estableció Avalo Sanchez en los autos de concurso un incidente de nulidad para

que se declare nula, y la actual Corte de Distrito de San Juan por sentencia de 31 de mayo último declaró con lugar el incidente y nula, en su consecuencia, la providencia de 15 de mayo de 1901 ordenando fuera restituída al concurso necesario de Avalo Sánchez la hacienda "Bello sitio". De la mencionada sentencia apeló la sucesión de María Díaz en 16 del actual, cuando aún aquélla no había sido registrada en el libro de sentencias de la Corte, y registrada al día siguiente, estableció otra vez recurso de apelación presentando al Secretario el escrito correspondiente. Después de dictada la sentencia, Avalo Sánchez presentó á la Corte de Distrito dos mociones, una de ellas para que se ocupara la hacienda "Bello sitio" y la otra para que la apelación fuera desestimada; y habiéndose señalado para la vista de ambas mociones el día 20 del actual, la parte apelante alegó que la Corte de Distrito no tenía jurisdicción para conocer de ninguna de esas mociones, porque la resolución dictada en el incidente de nulidad había sido apelada, no obstante lo cual, dicha corte señaló el día 28 para oir los alegatos que deberían presentar las partes, á fin de resolver si se desestimaba ó no la apelación, y en su caso proveer el mismo día sobre la petición de nombrar un Depositario á nombre del concurso.

Con los hechos expuestos por base, alegó el peticionario que el procedimiento seguido por la Corte de Distrito de San Juan no estaba de acuerdo con las prescripciones de la ley; 1o. porque dicha Corte de Distrito está conociendo de un concurso necesario de acreedores, virtualmente terminado ya por el desistimiento del único acreedor promovente lo que es contrario al carácter especial de los concursos necesarios y á los artículos 1154, 1156, 1165 y 1167 de la antigua Ley de Enjuiciamiento Civil, según los cuales, cuando falta la acción de los acreedores promoventes, no subsiste el procedimiento y cuando se deja sin efecto el concurso cesa la intervención judicial: 2o. porque la Corte de San Juan carece de jurisdicción para dis-

cutir y resolver las materias que son objeto del pleito apelado, después de interpuesta la apelación: 3o. porque no cabe tratar de ejecutar una sentencia, contra la cual una de las partes ha utilizado el recurso de apelación: 4o. porque el concurso necesario no puede tramitarse, sino como quiebra forzosa desde la promulgación en Puerto Rico de la Ley Orgánica de 12 de abril de 1900, conocida con el nombre de Bill Foraker.

El peticionario concluye alegando que carece de todo otro recurso ordinario dentro de la ley para impedir la continuación de los procedimientos empleados por la Corte de Distrito de San Juan.

Hemos considerado detenidamente las razones de hecho y de derecho expuestas en apoyo del auto de *certiorari* solicitado, y desde luego, somos de opinión que tal auto no puede expedirse.

Aunque se haya interpuesto recurso de apelación contra la sentencia que dictó la Corte de Distrito de San Juan en 31 de mayo último declarando nula la providencia de 15 de mayo de 1901 y ordenando restituir al concurso de Avalo Sánchez la hacienda "Bello sitio," eso no impide que aquella Corte conozca de las dos mociones que se le han presentado para que se desestime dicho recurso y se ocupe la hacienda "Bello sitio." La tramitación de dichas mociones no implica por sí sola extralimitación de jurisdicción, y solo cabría discutir ese particular mediante recurso adecuado después de resueltas aquéllas pero, no antes.

Si la sucesión peticionaria cree que el concurso necesario de Avalo Sánchez no puede tramitarse ya, sino como quiebra forzosa, practíquese para conseguirlo sus gestiones, según proceda en derecho, pues el recurso de *certiorari* no es remedio propio al efecto.

Por las razones expuestas procede se declare no haber lugar á expedir el auto de *certiorari* solicitado.

*Denegado.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Wolf, no intervino en la resolución de este caso.